### HULL v. YOUNG.

1. One partner is not bound by a sealed instrument executed without his knowledge or authority, by his copartner in the name of the firm, unless he subsequently ratified it.  But an acknowledgment of liability on the note is not a ratification unless he then knew that the note was under seal. *Sibley & Co.* v. *Young & Napier*, 26 S. C., 415, approved.
2. The fact that sealed notes are negotiable under the laws of Georgia, where this note was executed and made payable, does not render a sealed note of that State in a partnership name binding on a nonassenting partner in this State. MR. JUSTICE MCIVER, *dissenting.*

Before WITHERSPOON, J., Abbeville, October, 1888.

This action was commenced January 11, 1887, by Sibley & Co. as plaintiffs, and upon the death of the senior partner continued in the name of the survivors of that firm.  The opinion states the case.

*Messrs. Perrin & Cothran*, for appellants.

*Messrs. Benet & Cason*, contra.

February 9, 1889.  The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.  The complaint in the action below alleged partnership of plaintiffs, appellants, and also of S. O. Young, respondent, and W. H. Napier, as Young & Napier; that in Augusta, Ga., on May 7th, 1883, Young & Napier made their certain sealed note due December 15th, 1883, payable to plaintiffs or order for $1,000, with interest from maturity at 8 per cent., and 10 per cent. attorney's fees, at any bank in the city of Augusta; that Young duly ratified said sealed note, subsequent to its execution, and alleged a credit of $597.73, April 4th, 1885.  The respondent answered admitting partnership "of Young and Napier.  Denied other allegations of complaint.  For defence, that the partnership of Young and Napier was formed for general merchandise; that the sealed note was executed by Napier without defendant's knowledge or consent; that it was beyond the scope of the partnership business; that defendant never ratified the note."

At the trial, the plaintiffs requested his honor to charge: "1. That ratification of a sealed note executed by partners in the partnership name may be either express or implied, so as to bind the partner not signing. 2. That ratification becomes binding if made with a knowledge of all material circumstances, or if made with the intention of assuming the risk without inquiry. 3. That when an individual deliberately, whether with full knowledge or without inquiry, ratifies the act or conduct of another, no question arises respecting the facts of ratification. 4. That the laws of Georgia govern in construing the contract; that under said laws a sealed note payable to order is negotiable, and as such is within the scope of the partnership business." The charge of the judge is found in full in the Brief.

The jury found for the defendant. A motion for a new trial was refused. The plaintiffs appealed upon the following exceptions:

I. On refusals to charge: (1.) That ratification of a sealed note made by one partner in the partnership name, by the partner not signing, may be either express or implied. (2.) That ratification becomes binding, if made with a knowledge of all material circumstances, or if made with an intention to assume the risk without inquiry. (3.) That when an individual deliberately, whether with full knowledge or without inquiry, ratifies the act or conduct of another, no question arises respecting the fact of ratification. (4.) That the laws of Georgia govern in construing this contract; that under said laws a sealed note payable to order is negotiable, and as such is within the scope of the partnership business.

II. To the judge's charges, in charging: (1.) That the contract in question must be governed by the laws of South Carolina. (2.) That ratification cannot be presumed. (3.) That ratification is incomplete without a knowledge of the act awaiting ratification. (4.) That S. O. Young must have known that the note in question was a sealed note, before he could ratify it. (5.) That the ratification must have reference to this particular $1,000 note, dated May 7, 1883.

III. To the order overruling motion for new trial and in holding: (1.) That unless Young knew that the note was under seal

when he executed the mortgage, there is no ratification. (2.) That the laws of Georgia did not govern the principles involved in the present case.

The charge of the judge is not obnoxious to the first exception. He stated to the jury that ratification might be proved by direct testimony, or that if they were satisfied from all the testimony that Young had ratified the note, that would be sufficient. This was in substance saying, as requested, that ratification might be either express or implied. The main question, however, in the case is, whether his honor erred in refusing to affirm those requests which were intended to draw from him a charge that it was not essential for Young to know the character of the note, whether sealed or not, in order to have ratified it, and that it might be ratified by certain conduct on his part, either with or without knowledge or inquiry. This his honor not only refused to charge, but, on the contrary, directly charged that knowledge of the character of the note by Young was absolutely necessary before ratification could be made. The correctness of this ruling is the main question raised in the exceptions to refusals to charge, to the charge, and to the rulings of his honor in refusing the motion for a new trial, and to this we will address ourselves.

It will be conceded that one partner has no power in this State to bind the firm by a sealed note, because such a note is not within the scope of the partnership. That question, therefore, need not be discussed. It will also be conceded, however, that one partner may be authorized to bind the firm by a sealed note, or such a note may be ratified by the other partners after it has been executed; in either of which events it becomes the note of the firm, and may be enforced as a firm note. In the case before the court it is not contended that Napier was authorized in advance by the respondent, Young, to execute the note in question. But it is urged that it was subsequently ratified, and that is the turning point of the case. Now, whether it was ratified is a question of fact, but what constitutes ratification may be, and was made below in this case by the requests to charge, a question of law. The judge was called upon to say whether a certain state of facts would in law amount to a ratification.

Now, what is ratification? Ratification is the affirmance and

approval of an act, giving sanction and validity to something done by another. Can this be done without the party charged with such approval knowing the nature of the act approved? What facts would be sufficient to satisfy a jury that said party knew the nature of the act, when he approved it, in any special case, would be a matter for the jury; but we do not understand how a judge could charge as matter of law that it was not necessary for the ratifier to know the nature and character of the act ratified. In the case below, the act claimed to have been ratified, was the giving a sealed note, which Young was not responsible for, unless he afterwards ratified it, and the judge was called upon to instruct the jury that it could have been ratified by Young without his knowing that the note was a sealed note. In other words, that the act might be ratified without Young knowing what the act was. We do not see how this could be possible.

True, the circumstances relied on in this case, might have been sufficient to satisfy the jury that Young did know the character of the act claimed to have been ratified by him, if they had gone to the jury without the legal question raised in the requests. But the judge was not authorized to say this, because he would then have been invading the province of the jury as to the force and effect of testimony; and when he was requested to charge in substance that Young might ratify his partner's sealed note without knowing that it was a sealed note, we do not see how he could have done otherwise than he did.

But in addition to all this the case of *Sibley & Co.* v. *Young & Napier* (26 S. C., 415), between these same parties, we think is conclusive. In that case the same question above was raised in several exceptions, and it sustains the judge here.

The other exceptions, except the one in reference to the application of the laws of Georgia to this case, are determined by what we have already said. They therefore need no further notice.

It seems that there was evidence before the Circuit Judge that specialties in the State of Georgia are by statute made negotiable by endorsement, and this note having been made in Georgia and payable there, it is claimed to be within the scope of the partnership business in that State, and should therefore be held here within said scope. We do not see that it follows that be-

cause notes not previously negotiable have been made negotiable, that therefore they are binding on parties who did not make them. They may be binding on parties who did make them, with a new feature of negotiability attached, but we do not see how they could reach a party not connected with the making. For instance, Napier made the sealed note in question, and he is bound to a negotiable note under the statute of Georgia; but Young had no agency in making this note, as matter of fact, and hence how could the statute of Georgia be construed as holding him liable? More than this, at common law it is not the absence or the presence of a negotiable feature in a note that places it beyond the power of one partner to bind his firm thereby, as beyond the scope of the partnership, but it is the presence of a seal on the note that has this effect. One partner can bind his firm at common law by a negotiable promissory note, or by a note not negotiable, but yet not under seal; but he cannot, as we have said, by a sealed note, and this is because of the seal. This may be technical, but it seems to be the law. And the law is what we are after.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE McGOWAN concurred.


MR. JUSTICE McIVER, *dissenting.* It seems to me that the new element introduced into this case by the testimony, showing that in Georgia notes under seal have by statute been made negotiable instruments, distinguishes this case from the former decision in a case between the same parties (26 S. C., 415), where no such testimony was adduced. The note in this case was made in Georgia, was payable there, and therefore "its nature, validity, interpretation, and effect," must be determined by the law of that State. Consequently, under that law, it must be regarded as a negotiable paper, just like a bill of exchange or promissory note, notwithstanding the seal attached to it. So regarded, it seems to me that it is such a paper as may be executed by one partner in the name of, and binding upon, the firm, when given for the purposes of the partnership, as this note unquestionably was, for partnership dealings are usually carried on with just

such paper. I think, therefore, that the Circuit Judge erred in refusing to charge the jury as indicated in plaintiffs' fourth request, and that for this reason the judgment below should be reversed and the case remanded for a new trial.

Judgment affirmed.